THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLA SEE, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| vs. | ) | |
| | ) | |
| CLEVELAND CLINIC FOUNDATION, et al., | ) | **Notice of Removal** |
| | ) | |
| Defendants. | ) | |
| | ) | |

PLEASE TAKE NOTICE: Defendants Cleveland Clinic Foundation (the "Clinic") and Cheryl Wright ("Wright") (collectively, "Defendants"), by and through counsel, and pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441 and 1446, hereby remove the above-captioned action to the United States District Court for the Northern District of Ohio, Eastern Division. Defendants state the following grounds in support of removal of this action to the United States District Court:

1. Plaintiff Carla See ("Plaintiff") is a resident of Cuyahoga County, Ohio. She was formerly employed by the Clinic in Cuyahoga County, Ohio. The Clinic is a domestic non-profit corporation, the principal place of business of which is Cuyahoga County, Ohio. All or part of the conduct alleged to give rise to Plaintiff's causes of action occurred in Cuyahoga County, Ohio.

2. Plaintiff commenced a civil action against Defendants in the Cuyahoga County Court of Common Pleas, Case No. CV 15 849699, before the Honorable Judge Joan Synenberg, on August 13, 2015. A true and accurate copy of the Complaint, with all papers attached thereto, is attached hereto as Exhibit A.

3. Removal to federal court from state court is proper when the District Court has original jurisdiction. 28 U.S.C. § 1441(a). Counts IV, and in part, Counts V and VI of Plaintiff's Complaint arise under the Constitution and/or laws of the United States. Count IV alleges retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601. Counts V and VI allege wrongful termination and the creation of a hostile work environment, at least in part allegedly based on utilization of FMLA leave and FMLA retaliation.  Plaintiff seeks damages and other relief based in part on these alleged violations of federal law. The Court, therefore, has original jurisdiction over Count IV and Counts V and VI in part.

4. In any civil action in which a District Court has original jurisdiction, it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Counts I, II, III, V and VI (in part), VII, VIII and IX of Plaintiff's Complaint that purport to assert causes of action under state law arise from the same set of operative facts alleged in support of the federal-law causes of action – the supposed retaliation for the exercise of FMLA rights – and are so related that they form part of the same case or controversy. The Court, therefore, may exercise supplemental jurisdiction over those state-law causes of action.

5. The District Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

- 3 -

Count IV of Plaintiff's eight-count Complaint arises under the laws of the United States and Counts V and VI arise at least in part under the laws of the United States. Those counts purport to state claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, for alleged FMLA retaliation, wrongful termination and hostile work environment. The District Court, therefore, has original jurisdiction over Counts IV, V and VI.

6. Promptly after filing this Notice of Removal, Defendants will give written notice of the removal of this action to all parties, as required under 28 U.S.C. § 1446(d). Defendants will also file such notice with the Clerk of the Cuyahoga County Court of Common Pleas.

7. As of the date of this removal, Defendants have not filed any answer, motion or other pleading in response to the Complaint. Defendants hereby reserve the right to assert any and all defenses to the Complaint, and the filing of this Notice of Removal is subject to, and without waiver of, all such defenses and objections. Defendants further reserve the right to amend or supplement this Notice of Removal as additional discovery is conducted or additional facts become available.

Respectfully submitted,

*/s/ Jeffrey J. Wedel*
Jeffrey J. Wedel (0041778)
jeffrey.wedel@squirepb.com
Emily R. Grannis (0090777)
emily.grannis@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114-1304
Telephone: +1.216.479.8500
Fax: +1.216.479.8780

*Attorneys for Defendants Cleveland Clinic Foundation, et al.*

## Certificate of Service

I hereby certify that on September 15, 2015, a copy of the foregoing Notice of Removal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Counsel for Plaintiff will be served by regular U.S. mail at the address below. Parties may access this filing through the Court's system.

Jeffrey J. Fanger, Esq.
FANGER & ASSOCIATES LLC
36 Alpha Park
Highland Heights, OH 44143

*/s/ Jeffrey J. Wedel*
Jeffrey J. Wedel (0041778)
jeffrey.wedel@squirepb.com
Emily R. Grannis (0090777)
emily.grannis@squirepb.com

SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114-1304
Telephone: +1.216.479.8500
Fax: +1.216.479.8780

*Attorneys for Defendants Cleveland Clinic Foundation, et al.*

010-8134-5980/4/AMERICAS